# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

    Defendants.

Case No. 2:08-CV-01020-KJD-LRL

**ORDER**

    Presently before the Court is Defendants' Motion for Summary Judgment (#26/27). Plaintiff filed a response in opposition (#31) to which Defendants replied (#33). Also before the Court is Plaintiff's Motion for Reconsideration (#29). Defendants filed a response in opposition (#32) to which Plaintiff replied (#34).

<u>I. Background</u>

    Plaintiff filed his initial complaint and application to proceed in forma pauperis on August 7, 2008. The magistrate judge approved Plaintiff's application on September 4, 2008 and reserved screening of Plaintiff's initial complaint. On December 22, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint (#5). On September 16, 2009, the magistrate judge granted Plaintiff's motion to amend, screened Plaintiff's proposed amended complaint and ordered it filed. The

magistrate properly disposed of several claims in the amended complaint and the Court denied (#23) Plaintiff's motion for reconsideration of that action on May 17, 2010.

On September 27, 2010, the Court granted in part and denied in part Defendants' Motion to Dismiss. Defendants have now moved to dismiss Plaintiff's remaining claims for Eighth Amendment violations asserting inadequate dental care, inadequate exercise, poor food sanitation including complaints regarding the number of sporks available on a daily basis and a claim for emotional distress.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment). Evidence must be concrete and cannot rely on "mere

speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment.  Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

III.  Analysis

    A. Dental Care

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104(1976)).  The Ninth Circuit employs a two-part test of deliberate indifference requiring a plaintiff to (1) first show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) the defendant's response to the need was deliberately indifferent.  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (citing Estelle 429 U.S. at 104) (internal quotations removed).  A plaintiff may satisfy the second prong by demonstrating (1) the prison official engaged in a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (2) harm caused by the indifference.  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.)  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  McGuckin, 974 F.2d at 1060.  "A prisoner need not show harm was substantial; however, such would provide additional support

for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096.

In the Ninth Circuit, "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference . . . unless the denial was harmful." Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).

> [A] finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, although a finding that the inmate was seriously harmed by the defendant's action or inaction tends to provide additional support to a claim that the defendant was "deliberately indifferent" to the prisoner's medical needs: the fact that an individual sat idly by as another human being was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the prisoner's suffering

McGuckin, 974 F.2d at 1060 (internal citations removed). Once Plaintiff has established the harmfulness of the delay, "it is up to the fact finder to determine whether or not the defendant was 'deliberately indifferent' to the prisoner's medical needs." Id. A finding that the delay in treatment was an "isolated occurrence" or "isolated exception" to the inmate's overall medical treatment tends to weigh against a finding of deliberate indifference. See e.g. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986). "On the other hand, a finding that the defendant repeatedly failed to treat an inmate properly or that a single failure was egregious strongly suggests that the defendant's actions were motivated by 'deliberate indifference' to the prisoner's medical needs." McGuckin, 974 F.2d at 1060-61. "In sum, the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant." Id. at 1061.

Plaintiff asserts and has adequately grieved the prison's failure to attend to his serious medical needs. He has been seeking treatment for "tooth decay" since at least March 26, 2008, and asserts that as of October 19, 2010, he has still not been treated. Prison staff need not have expert medical training to know that once begun, tooth decay is a continual process leading to larger health

4

problems and, often, excruciating pain. While such decay may not normally be an emergency, the continual delay of treatment, especially when spread over years rather than a handful of months, turns "mere delay" into a potentially "substantially" harmful situation. Prison officials should know that serious delays in treatment violate a patient's Eighth Amendment rights. Therefore, qualified immunity will not shield them from suit. Therefore, the Court must deny summary judgment and allow discovery to determine whether the delay in treatment of Plaintiff's cavities has resulted in substantial harm. However, all claims against Defendant Jenny Statler are dismissed because Plaintiff agrees that she was not personally involved in any of the claims.

### B. Exercise Claim

The defense of qualified immunity is available if the official's conduct is objectively reasonable "as measured by reference to clearly established law." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to Plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985). This is a purely legal question. Id.; see also, Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir. 1989). Qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question." Mitchell, 472 U.S. at 526.

Resolving the issue of qualified immunity involves a two-step inquiry. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) First, the Court must determine whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting Defendants from liability. Id. "If a constitutional violation occurred, a Court must further inquire whether the right was clearly established." Clement, 298 F.3d at 903 (quoting Saucier, 533 U.S. at 201) (internal quotations removed). If the law did not

put the officials on notice that their conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. <u>Saucier</u>, 533 U.S. at 202.

   Plaintiff was denied outdoor exercise for approximately two months while exercise cages were refurbished to avoid inmates climbing into adjacent cages to attack other inmates. While deprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long term segregation, it is not an absolute right that automatically overrides other correctional considerations such as safety. See <u>Norwood v. Vance</u>, 591 F.3d 1062, 1068 (9th Cir. 2010); <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996). Balancing the length of the deprivation (approximately two months) with the need to maintain inmate safety and order, the Court finds that no constitutional violation occurred, and even if the deprivation in this action was a constitutional violation, prison officials are entitled to qualified immunity. See <u>Norwood</u>,591 F.3d at 631 ("[w]hen violence rises to unusually high levels, prison officials can reasonably believe that it was lawful to temporarily restrict outdoor exercise to help bring the violence under control"); <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997)(twenty-one day denial of outdoor exercise while in disciplinary segregation not a sufficiently serious deprivation); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1259 (9th Cir. 1982)(outdoor exercise may be curtailed or suspended temporarily when a genuine emergency exists); <u>Hayes v. Garcia</u>, 461 F. Supp.2d 1198, 1201 (S.D. Cal. 2006)(ongoing violence justified nine-month denial of exercise); <u>Hurd v. Garcia</u>, 454 F. Supp.2d 1032, 1042-45 (S.D. Cal. 2006)(ongoing violence justified five-month denial of exercise); <u>Jones v. Garcia</u>, 430 F. Supp.2d 1095, 1102-1103 (S.D. Cal 2006)(ongoing violence justified ten-month denial of exercise). In this action, prison officials did not have notice that the two-month denial of exercise, caused by ongoing inmate violence, would result in a constitutional violation, especially considering that they sought reasonable alternatives for outdoor exercise. See <u>Thomas v. Ponder</u>, 611 F.3d 1144 (9th Cir. 2010); <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000). Accordingly, Defendants' motion for summary judgment on the exercise claims is granted, because Defendants are entitled to qualified immunity.

### C. Food/Spork Claim

Defendants are also entitled to qualified immunity as to Plaintiff's claim regarding quality of the food and eating utensils. Even if Plaintiff's claims were to establish a constitutional violation, Defendants would be entitled to qualified immunity, because they would not be on notice that their conduct violated Plaintiff's Eighth Amendment rights. See LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993)(food need not be tasty or aesthetically pleasing, fact that food occasionally contains foreign objects or is sometimes served cold does not amount to a constitutional deprivation); Martin v. Lane, 766 F. Supp. 641 (N.D. Ill. 1991)(lack of eating utensils not constitutionally actionable). Therefore, the Court grants Defendants' motion for summary judgment, because Defendants are entitled to qualified immunity on this claim.

### D. Personal Participation

Plaintiff has already agreed that Jenny Statler should be dismissed from this action. In response to Defendants' motion seeking to dismiss Defendants Joby Aragon and Reginald Robinson for lack of personal participation in the allegations of the complaint, Plaintiff could point to no specific action or set of facts personally involving these defendants. Accordingly, the Court dismisses all claims against Statler, Aragon and Robinson. Should discovery reveal specific facts involving these defendants, Plaintiff may move to amend his complaint or add parties.

### E. Motion for Reconsideration

Plaintiff's motion for reconsideration merely reargues his position in response to the motion to dismiss. The Court did not commit clear error and does not have a definite and firm conviction that it erred in its previous orders dismissing many of Plaintiff's claims. Accordingly, the motion for reconsideration is denied.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#26/27) is **GRANTED in part and DENIED in part**;

7

1  IT IS FURTHER ORDERED that Defendants' motion for summary judgment on Plaintiff's
2  Eighth Amendment claim involving inadequate or delayed dental care is **DENIED**;
3  IT IS FURTHER ORDERED that all other claims (except the state law claim for emotional
4  distres) are **DISMISSED**;
5  IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (#29) is **DENIED**;
6  IT IS FURTHER ORDERED that Plaintiff's Motions (#30/36) are **DENIED as moot.**
7  DATED this 28th day of September 2011.

_____
Kent J. Dawson
United States District Judge