UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH ANTONETTI,

          Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

          Defendants.

2:08-cv-01020-KJD-LRL

**O R D E R**

      Before the court is plaintiff Joseph Antonetti's Motion For Appointment of Counsel (#37). Defendants filed an Opposition (#39), and plaintiff filed a Reply (#40).

      Also before the court is plaintiff's Motion For Discovery (#38). Defendants filed an Opposition (#41), and plaintiff filed a Reply (#42).

      The court granted plaintiff's motion to proceed *in forma pauperis* on September 4, 2008. (#2). Subsequently, on December 22, 2008, plaintiff filed a motion for leave to file an amended complaint. (#5). The court granted plaintiff's motion and screened his amended complaint on September 16, 2009. (#7). In plaintiff's amended complaint, he asserts claims against several defendants for constitutional violations that allegedly occurred in the High Desert State Prison. (#8). Defendants filed a motion to dismiss the amended complaint (#13) on November 5, 2009, based on their contention that they were immune from liability. As the court found that discovery was not necessary to address defendants' claim of immunity, it stayed discovery pending the outcome of the motion. (#22). Thereafter, on September 27, 2010, the court partially granted defendants' motion to dismiss and granted plaintiff's motion to file a second amended complaint. (#24). On the same day, the clerk filed plaintiff's second amended complaint. (#25).

      Prior to any scheduling order being entered, on October 11, 2010, remaining defendants filed

a motion for summary judgment (#26), asserting, among other defenses, immunity. In May 2011, when the defendants' motion was fully briefed but not yet ruled upon, the plaintiff filed the present motions for appointment of counsel (#37) and for discovery (#38). As of the filing of the present motions, plaintiff's claims for (1) inadequate dental care, (2) deprivation of outdoor exercise, and (3) inadequate preparation and sanitation of prison food remained. (#25).

**Motion To Open Discovery (#38)**

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." As previously discussed, defendants filed their motion for summary judgment (#26) prior to the court issuing a scheduling order based on their contention that discovery was not necessary as qualified immunity would protect them from liability. (#41). Thus, the court did not enter a scheduling order and no discovery has taken place.

In the present motion, plaintiff asks this court to open discovery in order to allow him to fully investigate his remaining claim. (#38). Defendants assert in their opposition that discovery "is unwarranted at this time" because their motion for summary judgment is pending. (#41). However, since the filing of the present motion, the court partially granted defendants' motion for summary judgment. (#43). Thus, the single basis for defendants' opposition to the motion no longer exists, and commencing discovery is warranted. Moreover, in the court's order on the motion for summary judgment, it indicated that discovery should commence: "[t]he court must...allow discovery to determine whether the delay in treatment of [p]laintiff's cavities has resulted in substantial harm," and "[s]hould discovery reveal specific facts involving [the dismissed] defendants, [p]laintiff may move to amend his complaint or add parties." (#43). Thus, the court will open discovery and issue a scheduling order.

**Motion For Appointment of Counsel (#37)**

Plaintiff asks this court to appoint counsel to represent him because he is indigent, the facts of the case are complex, he is unable to investigate the facts because he is in segregation, and he is

2

unsophisticated in acquiring and examining a much needed medical expert. (#37). Additionally, he contends that since he intends on presenting his case to a jury, yet "has no idea how to do that," appointing counsel is necessary to afford him a fair trial. *Id.* The defendants assert that the court should deny his request because their motion for summary judgment is outstanding, the issues are not complex, and the plaintiff has demonstrated an ability to articulate his claims. (#39).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

**A.     Likelihood Of Success On The Merits**

The court must first determine if there is a likelihood of success on the merits of plaintiff's complaint. *Id.* In the court's summary judgment order (#43), it held that (1) the defendants are not entitled to qualified immunity with regards to the plaintiff's claim for inadequate dental care; (2) defendants are entitled to qualified immunity with regards to count two for deprivation of outdoor exercise and count four relating to the preparation and sanitation of prison food; and (3) all claims are dismissed without prejudice against defendants Statler, Aragon, and Robinson because plaintiff "could point to no specific action or set of facts personally involving these defendants." Thus, the court's inquiry is limited to the likelihood of success of plaintiff's remaining claim for inadequate dental care.

With regards to this claim, the court held that despite the fact that the prison officials knew of his tooth decay and that continuous decay leads "to larger health problems and, often, excruciating pain," the prison did not attend to his needs for over two years. *Id.* Further, the court held that since "[p]rison officials should know that serious delays in treatment violate a patient's Eighth Amendment rights," qualified immunity did not protect defendants from liability. *Id.*

1  The fact that plaintiff's claim for inadequate dental care has survived both a motion to dismiss
2  and for summary judgment supports a finding of a likelihood of success. However, these rulings were
3  with regards to defendants' claim of immunity, and were not premised upon any evidence derived
4  through discovery. Therefore, since no discovery has commenced, the court finds that a determination
5  of the likelihood of success on the merits of plaintiff's claim is premature. *Terrell,* 935 F.2d 1015,
6  1017.

### B. Ability To Articulate Claims *Pro Se*

In the court's summary judgment order (#43), it held that the plaintiff "adequately grieved the prison's failure to attend to his serious medical needs." Therefore, it is clear that plaintiff has demonstrated an ability to articulate his claim thus far. *Terrell,* 935 F.2d 1015, 1017. The next stage of the litigation, as discussed above, is to conduct discovery as to whether the delay in his treatment caused substantial harm. (#43). However, as plaintiff has not had the opportunity to engage in discovery, the court is unable to assess his ability to conduct meaningful discovery at this time. Thus, the court will not appoint counsel at this stage, but will entertain subsequent motions to appoint counsel as discovery progresses and the court can more adequately assess both prongs of the test[1]. *Terrell,* 935 F.2d 1015, 1017.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Joseph Antonetti's Motion For Appointment of Counsel (#37) is denied without prejudice.

---

[1] Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under § 1915. *Mallard v. United States Dist. Court*, 490 U.S. 296, 301 (1989). Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The court has no funds to pay for attorney fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment. For these reasons, plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

IT IS FURTHER ORDERED that plaintiff's Motion For Discovery (#38) is granted.  The following scheduling deadlines shall apply:

1. Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed within sixty (60) days from the date of this Order.  Any party causing additional parties to be joined or brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

2. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served within sixty (60) days from the date of this Order.

3. Any discovery motions shall be filed and served no later than eighty (80) days from the date of this Order.

4. Motions for summary judgment shall comply with the requirements of LR 56-1 and shall be filed and served no later than thirty (30) days after the close of discovery.

5. Any motion filed beyond the time limit fixed by this Scheduling Order shall be stricken, unless the Court grants an exception for good cause shown.

6. DISCOVERY:  Pursuant to LR 16-1(b), discovery in this action shall be completed on or before ninety (90) days from the date of this Order.

7. EXTENSIONS OF DISCOVERY:  Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause.  All motions or stipulations to extend discovery shall be received by the Court at least twenty (20) days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty (20) days prior to this expiration of any extension thereof that may have been approved by the Court.  The motion or stipulation shall include:

(a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

5

  (b) A specific description of the discovery which remains to be completed;

  (c) The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and

  (d) A proposed schedule for the completion of all remaining discovery.

 8. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order.  Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

 9. PRETRIAL: Pursuant to LR 16-3(a), the Clerk shall issue a Pretrial Notice Order five (5) days past the date for filing motions for summary judgment or all motions for summary judgment are denied, whichever is later.

 10. Any party who desires an amendment to this Scheduling Order shall, within sixty (60) days hereof, file and serve a statement of proposed amendments and the reasons therefor.  Each other party shall have fifteen (15) days within which to file and serve a response thereto.  After expiration of the 60-day period, any amendment of this Scheduling Order shall be granted only upon motion and good cause shown.

 11. In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

 DATED this 17th day of October, 2011.

                 _____
                  **CAM FERENBACH**
                  **UNITED STATES MAGISTRATE JUDGE**