UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

JOSEPH ANTONETTI,  )
                   )
         Plaintiff,)
                   )   2:08-cv-01020-KJD-LRL
v.                 )
                   )   **O R D E R**
DWIGHT NEVEN, *et al.*, )
                   )
         Defendants.)
_____)

Before the court are *pro se* plaintiff Joseph Antonetti's Motion for Appointment of Counsel (#49), Motion To Extend Time (#50), and Motion To Compel (#51)[1]. The time to file an opposition to the motion to compel has not passed, but, as discussed below, the court is able to rule on the motion at this time.

On October 17, 2011, the court entered an order (#47) denying plaintiff's motion for appointment of counsel (#37) and granting plaintiff's motion for discovery (#40). The court ordered that discovery would close ninety (90) days from the date of the order, and held that as plaintiff was capable of articulating his claims, appointing counsel was not warranted. (#47). The court stated that it would "entertain subsequent motions to appoint counsel as discovery progresses..." *Id.* Prior to the court entering its order (#47), the defendants filed their answer (#46) to the plaintiff's amended complaint (#25). In the defendants' answer, they denied most of the allegations in the amended complaint and asserted several affirmative defenses (#46).

In the present motion for appointment of counsel (#49), plaintiff's entire request consists of

---

[1] The court notes that plaintiff filed a one page document titled "response, request and order," and the Clerk of the Court, recognizing three separate requests for relief, separated the document into three different filings (#49, #50, and #51).

1  "Joseph Antonetti...asks [that] #1 court grant Mr. Antonetti counsel." Granting plaintiff counsel is not
2  warranted at this time. First, plaintiff does not provide the court with any "exceptional circumstances"
3  that have come about since the court denied his previous motion (#47). *Terrell v. Brewer*, 935 F.2d
4  1015, 1017 (9th Cir. 1991)(holding that the court may appoint counsel under 28 U.S.C. § 1915 only
5  under exceptional circumstances.). Second, plaintiff has failed to file points and authorities in support
6  of his request for appointment of counsel. Local Rule 7-2(d)(stating that "[t]he failure to file points and
7  authorities in support of the motion shall constitute a consent to the denial of the motion."). The court
8  recognizes that plaintiff is proceeding *pro se*. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 584
9  (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented
10 by counsel.). However, he is still required to familiarize himself with the Federal Rules of Civil
11 Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th
12 Cir. 1986)(holding that pro se parties are not excused from following the rules and orders of the court).
13 Third, the court specifically stated in its previous order that it would entertain subsequent motions for
14 appointment of counsel "as discovery progresses..." (#47). That order was entered on October 17,
15 2011, and the present motion was filed on October 19, 2011. (#47 and #49). Therefore, as there is no
16 possibility that discovery has "progressed" in the short amount of time, plaintiff's motion is premature.
17         In plaintiff's motion to extend discovery (#50) and motion to compel (#51), he asserts that he
18 "doesn't understand what defendants' "answer" "document 46" is," and that it appears to him to be
19 defendants' refusal to "answer interrogatories, [or] provide discovery, and [attempt to] resubmit already
20 defeated defenses." Upon review of the defendants' answer (#46), the court finds that it is simply an
21 answer to plaintiff's amended complaint, which defendants are permitted to file pursuant to Fed. R. Civ.
22 P. 7 and 8. In accordance with Rule 8, defendants asserted several defenses to the allegations contained
23 in the amended complaint. (#46); Fed. R. Civ. P. 8(b) and (c)(permitting the responding party to admit
24 or deny allegations and assert affirmative defenses). As stated above, plaintiff should familiarize
25 himself with these rules. See *Jacobsen*, 790 F.2d 1362, 1364-65. Further, defendants do not mention
26

interrogatories in their answer, and only refer to discovery in stating that they reserve the right to assert additional affirmative defenses if discovery warrants.  (#46).

Plaintiff also states in his motions (#50 and #51) that he "intends to submit further interrogatories to defendants," and asks this court for an order "giv[ing] [him] time to submit further interrogatories, [and] order[ing] defendants [to] answer and supply discovery."  These requests are also premature.  The court's previous order (#47) provides that discovery will close ninety (90) days from October 17, 2011.  There is no need to give plaintiff more "time to submit further interrogatories," as he has adequate time to do so, and only days have passed since discovery began.  Further, it is not necessary for the court to "order defendants [to] answer and supply discovery," because defendants are already required to do so by the rules, and the plaintiff has not identified any discovery requests that he has served on the defendants that require such an order.  *See* Fed. R. Civ. P.  33, 34, 36 and 37.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Joseph Antonetti's Motion for Appointment of Counsel (#49), Motion To Extend Time (#50), and Motion To Compel (#51) are DENIED.

DATED this 1st day of November, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

3