# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

    Defendants.

Case No. 2:08-CV-01020-KJD-VCF

**ORDER**

    Presently before the Court is Plaintiff's Motion for Final Disposition (#53). Defendants filed a response in opposition (#55) to which Plaintiff replied (#60). Also before the Court is Plaintiff's Motion to Amend (#54). Defendants filed a response in opposition (#56) to which Plaintiff replied (#60). Finally before the Court is Defendants' Motion to Extend Time (#58) to file dispositive motions. Though the time for doing so has passed, no response in opposition has been received. Therefore, good cause being found, and in accordance with Local Rule 7-2(d), the motion to extend is granted.

I.  Motion for Final Disposition

    Essentially, Plaintiff seeks to have the Court enter judgment on his claims which have been dismissed so that he may file an interlocutory appeal on those claims while his meritorious dental claim proceeds. Rule 54(b) authorizes a court to direct the entry of final judgment as to one or more,

but fewer than all, of the claims or parties if multiple claims and parties are involved.  However, the Court must find that there is no just reason for delay and must make an express direction for the entry of judgment.  See Fed. R. Civ. P. 54(b).  In making a Rule 54(b) determination, the court must consider the historic, federal policy against piecemeal appeals.  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  Morrison-Knudsen Co. v. J.D. Archer, 655 F.2d 962, 965 (9th Cir. 1981).  "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings."  See id.

Having read and considered the motion, the Court finds that entry of a Rule 54(b) order is unnecessary, because no harsh or unjust result will occur if the Court delays entry of a final judgment until all claims have been resolved.  Resolution of all of Plaintiff's claims on appeal at the same time, rather than in a piecemeal fashion, will avoid the risk of multiplying the number of proceedings on the appellate docket.  Therefore, Plaintiff's motion for final disposition is denied.

II.  Motion to Amend

Defendants oppose the motion to amend asserting that Plaintiff has not shown good cause for failing to file the motion to amend before the date set in the scheduling order had expired.  Plaintiff asserts that he only discovered the additional parties in recently received discovery and could not have moved to amend earlier.  Furthermore, Plaintiff asserts that his pending motion for final disposition tolled the time to move to amend the complaint.

Under Federal Rule of Civil Procedure Rule 15(a), a party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  FED. R. CIV. P. 15(a).  Although Rule 15(a) is very liberal, courts

may deny a proposed amendment which "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." <u>AmerisourceBergen Corp. V. Dialysis West, Inc.</u>, 445 F.3d 1132, 1136 (9th Cir. 2006)(quoting FED. R. CIV. P. 15(a)).

However, Federal Rule of Civil Procedure 16(b) requires that the schedule for amending pleadings not be modified without a showing of good cause for failure to amend within the time specified in the scheduling order. See <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000). This standard "primarily considers the diligence of the party seeking the amendment." See <u>Johnson v. Mammoth Recreations, Inc.</u> 975 F.2d 604, 608 (9th Cir. 1992). Here, Plaintiff has failed to demonstrate that he was prevented from discovering the claims against the proposed additional parties until he received Defendants' discovery on December 9, 2011, six days before the deadline expired.

Plaintiff has not specified what specific facts were unknown to him before that date. He makes a blanket statement that "[p]reviously withheld discovery prevented Mr. Antonetti from knowing duties and various identities of various defendants which (some) Mr. Antonetti now includes." Plaintiff's complaint makes no specific factual assertions against the proposed new defendants other than he believes that at some point all Defendants processed or denied his grievances without granting him relief. There is no explanation in his motion or response why he could not identify these specific defendants without discovery, considering the extensive briefing regarding his exhaustion of administrative remedies. Furthermore, he appears to assert improper vicarious liability claims against proposed new defendants, such as Governor Brian Sandoval. There is absolutely no factual assertion of Governor Sandoval's personal involvement in the alleged constitutional violations.

Therefore, the Court denies Plaintiff's motion to amend, because he did not show good cause for failing to meet the deadline to amend the complaint set in the scheduling order. Furthermore, the proposed amended complaint does not specify facts that show personal involvement by the proposed new defendants. Finally, the pending motion for final disposition was not filed until after the

deadline to amend the complaint had expired, and even if it had been filed before the deadline, it would not toll Plaintiff's duty to timely file a motion to amend.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Final Disposition (#53) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#54) is **DENIED**;

IT IS FINALLY ORDERED that Defendants' Motion to Extend Time (#58) is **GRANTED**.

DATED this 16th day of April 2012.

_____
Kent J. Dawson
United States District Judge