# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH ANTONETTI,

    Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

    Defendants.

Case No. 2:08-CV-01020-KJD-VCF

**ORDER**

    Presently before the Court is Defendants' Motion for Summary Judgment (#64). Plaintiff filed a response in opposition (#71) to which Defendants replied (#74). Also before the Court is Plaintiff's Motion for Reconsideration (#70). Defendants filed a response in opposition (#72) to which Plaintiff replied (#73).

I.  Background

    Plaintiff filed his initial complaint and application to proceed in forma pauperis on August 7, 2008. The magistrate judge approved Plaintiff's application on September 4, 2008 and reserved screening of Plaintiff's initial complaint. On December 22, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint (#5). On September 16, 2009, the magistrate judge granted Plaintiff's motion to amend, screened Plaintiff's proposed amended complaint and ordered it filed. The

magistrate properly disposed of several claims in the amended complaint and the Court denied (#23) Plaintiff's motion for reconsideration of that action on May 17, 2010.

On September 27, 2010, the Court granted in part and denied in part (#24) Defendants' Motion to Dismiss. That order dismissed all of Plaintiff's claims other than his dental claims, exercise claims, and food claims. On September 28, 2011, the Court ruled (#43) on a subsequent motion for summary judgment dismissing all claims except Plaintiff's dental claims. On April 16, 2012, the Court denied (#63) Plaintiff's motion to amend. Defendants have now moved for summary judgment on Plaintiff's dental claims. Plaintiff has moved for reconsideration of the order denying his motion to amend the complaint.

II.  Motion for Summary Judgment

Plaintiff has been seeking dental care (specifically to have cavities filled) since at least March 2007. Plaintiff asserts, and it has not been controverted, that as of April 23, 2012, his cavities have still not been treated. Defendants have moved for summary judgment on these claims, alternately asserting that prison employees who processed Plaintiff's grievances complaining that he wasn't being treated can't override the responses of medical professionals and then asserting that the medical professionals can't be held liable for a delay in treatment, because Plaintiff wasn't being transported to them by prison employees for treatment. Defendants essentially argue that no one can be liable for the delay in Plaintiff's treatment, because "someone else" is always at fault.

The Court has already held that qualified immunity does not protect Defendants because they should know that delay in treatment is illegal. Plaintiff has raised sufficient questions of fact staving off summary judgment against these Defendants. Defendants were aware that Plaintiff's treatment was being delayed, but no one took action to see that Plaintiff was adequately evaluated and treated. The question of liability and the degree of responsibility for damages must be resolved by a finder of fact. Therefore, the Court denies the motion for summary judgment.

III.  Motion to Reconsider

Here, Plaintiff asserts that the Court must reconsider its denial of his motion to amend the complaint.  Plaintiff argues that he was unable to identify some proposed defendants until discovery was complete.  However, the Court considered that fact when it denied the motion to amend.  Specifically, the Court found that Plaintiff hadn't met his burden in showing which facts applying to which defendants were unavailable to him until discovery had been completed.  Plaintiff's motion for reconsideration failed to address these facts, even after the Court's order denying the motion to amend pointed out his failure.

Plaintiff's motion for reconsideration essentially reargues his original position in the motion to amend.  The Court did not commit clear error and does not have a definite and firm conviction that it erred in its previous order denying the motion to amend.  Accordingly, the motion for reconsideration is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#64) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration (#70) is **DENIED**.

DATED this 9th day of August 2012.

_____
Kent J. Dawson
United States District Judge