UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH ANTONETTI,

           Plaintiff,

v.

DWIGHT NEVEN, *et al.*,

           Defendants.

2:08-cv-01020-KJD-VCF

**O R D E R**

(Motion For Court to Compel Defendants to Answer Discovery and Interrogatories #91)

Before the court is plaintiff Joseph Antonetti's Motion To Compel. (#91). Defendants filed an Opposition (#96), and plaintiff filed a Reply (#101).

**Background**

The court granted plaintiff's motion to proceed *in forma pauperis* on September 4, 2008. (#2). Subsequently, on December 22, 2008, plaintiff filed a motion for leave to file an amended complaint. (#5). The court granted plaintiff's motion (#5) and screened his amended complaint on September 16, 2009. (#7). Plaintiff's amended complaint asserts claims against several defendants for constitutional violations that allegedly occurred at the High Desert State Prison. (#8). Defendants filed a motion to dismiss the amended complaint (#13) on November 5, 2009, based on their contention that they were immune from liability. As the court found that discovery was not necessary to address defendants' claim of immunity, it stayed discovery pending the outcome of the motion. (#22). Thereafter, on September 27, 2010, the court partially granted defendants' motion to dismiss (#13) and granted plaintiff's motion to file a second amended complaint (#22). (#24). On the same day, the clerk filed plaintiff's second amended complaint. (#25).

Prior to any scheduling order being entered, on October 11, 2010, remaining defendants filed

1  a motion for summary judgment, asserting, among other defenses, immunity. (#26). In May 2011,
2  when the defendants' motion was fully briefed but not yet ruled upon, the plaintiff filed a motion for
3  appointment of counsel (#37) and a motion for discovery (#38). On October 17, 2011, the court entered
4  an order denying plaintiff's motion for appointment of counsel (#37), granting plaintiff's motion for
5  discovery (#38), and setting discovery deadlines. (#47). The order provided a discovery cut-off date of
6  January 15, 2012, and a December 16, 2011, deadline for adding new parties and amending pleadings.
7  *Id.*

8  On October 19, 2011, only two days after the court denied plaintiff's first request for
9  appointment of counsel, plaintiff filed another motion for appointment of counsel. (#49). The court
10 denied the plaintiff's motion for counsel (#49). (#52). On December 20, 2011, the plaintiff filed a
11 motion for final disposition. (#53). On January 4, 2012, the plaintiff filed a motion to amend/correct
12 complaint. (#54). Defendants filed a motion to extend time on February 14, 2012. (#58). On February
13 22, 2012, plaintiff filed his third motion for appointment of counsel. (#59). On March 1, 2012, the
14 court denied plaintiff's motion for counsel (#59). (#62). On April 16, 2012, the court denied plaintiff's
15 motion for final disposition (#53) and motion to amend/correct complaint (#54), and granted plaintiff
16 motion to extend time (#58). (#64).

17 Defendants filed a motion for summary judgment on April 17, 2012. (#64). The court issued
18 an order denying the motion for summary judgment (#64) on August 9, 2012. (#80). On August 17,
19 2012, plaintiff filed a motion for leave to amend complaint. (#81). On September 27, 2012, plaintiff
20 filed a motion for appointment of expert. (#87). On October 24, 2012, plaintiff filed the instant motion
21 to compel. (#91). On November 8, 2012, the court issued an order denying plaintiff's motion for leave
22 to amend complaint (#81), stating that the court will not entertain any further motions to amend, as
23 plaintiff continuously fails to "identify which proposed new defendants could not be identified earlier
24 when the evidence Plaintiff relies on was in his hands early in the litigation." (#94). Defendants filed
25 an opposition to plaintiff's motion to compel (#91) on November 13, 2012. (#96). On November 15,

2012, plaintiff filed another motion to amend complaint. (#97). Plaintiff filed his reply in support of his motion to compel (#91) on November 27, 2012. (#101). On November 29, 2012, the court issued a minute order scheduling a hearing on the motion to appoint an expert (#87) for January 29, 2013. (#102).

**Motion To Compel (#91)**

Plaintiff filed one document seeking two forms of relief: (1) asking the court for a thirty day extension past November 27, 2012, to amend or add parties and (2) asserting that the "court may wish to compel defendants to answer discovery and interrogatories," which the court separated into two documents. (#90 and #91). The Honorable Judge Dawson denied plaintiff's request for a thirty day extension in his November 8, 2012, order. (#94). With regard to the relief sought relating to discovery, plaintiff argues that defendants "have not answered interrogatories, provided discovery, or allowed Mr. Antonetti to review medical file," and attaches an October 15, 2012, letter from defense counsel regarding plaintiff's discovery requests. (#91).

Defendants assert in their opposition that they received discovery requests from plaintiff on October 15, 2012, **in an unrelated case (Case No. 2:07-cv-00162-MMD-VCF)**, and that the letter attached to plaintiff's motion (#91) was actually sent in response to those requests, but mistakenly included the wrong case number. (#96). On October 16, 2012, after realizing this, defense counsel sent plaintiff a follow-up letter (#96 Exhibit A) to explain the mistake. *Id.* An additional letter was sent to plaintiff on October 29, 2012 (#96 Exhibit B), to ensure plaintiff was aware of the mistake and knew which case the letter related to. *Id.*

Defendants assert that plaintiff is now seeking to compel discovery answers that were not propounded in **this** case, and that the court should deny the improper request. *Id.* Defendants also assert that the plaintiff's motion should be denied because discovery in this matter closed on January 16, 2012, and since that deadline, the court has continuously denied plaintiff's requests to amend, extend time, and to compel defendants to answer discovery. *Id.*

The court finds that plaintiff's motion to compel responses to discovery served on defendants in an **unrelated matter** *after* discovery in **this** matter has been closed for almost a year, is inappropriate and must be denied. Plaintiff makes arguments in his motion (#91) and reply (#101) relating to plaintiff's medical files and asserting that defendants have failed to provide him the opportunity to review the files even after the court ordered the same. The court will address plaintiff's medical files and his access thereto during the January 29, 2013, hearing on the motion to appoint expert (#87). (#102).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Joseph Antonetti's Motion To Compel (#91) is DENIED.

DATED this 30th day of November, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**