1

2                          UNITED STATES DISTRICT COURT

3                                  DISTRICT OF NEVADA

4                                          * * *

5    JOSEPH ANTONETTI,                      )
                                            )
6                     Plaintiff,            )
                                            )
7    v.                                     )        2:08-cv-01020-KJD-VCF
                                            )
8    DWIGHT NEVEN, *et al.*,                )        **O R D E R**
                                            )
9                                           )        (**Motion for Expert (#87) and Motion to**
                                            )        **Reconsider (#105)**)
10                    Defendants.           )
                                            )
11

12          Before the court is plaintiff Joseph Antonetti's Motion for Expert. (#87).  Defendants filed an

13   Opposition (#89), and plaintiff filed a Reply (#92).

14          Also before the court is plaintiff's Motion to Reconsider. (#105).  Defendants filed an

15   Opposition (#106), and plaintiff filed a Reply (#109).  The court held a hearing on January 29, 2013,

16   and plaintiff appeared telephonically.

     **A.    Relevant Background**
17
            The court granted plaintiff's motion to proceed *in forma pauperis* on September 4, 2008.  (#2).
18
     On December 22, 2008, plaintiff filed a motion for leave to file an amended complaint.  (#5).  The court
19
     granted plaintiff's motion (#5) and screened his amended complaint on September 16, 2009.  (#7).
20
     Plaintiff's amended complaint asserts claims against several defendants for constitutional violations that
21
     allegedly occurred at the High Desert State Prison.  (#8).  Defendants filed a motion to dismiss the
22
     amended complaint (#13) on November 5, 2009, based on their contention that they were immune from
23
     liability.  As the court found that discovery was not necessary to address defendants' claim of immunity,
24
     it stayed discovery pending the outcome of the motion.  (#22).  Thereafter, on September 27, 2010, the
25
     court partially granted defendants' motion to dismiss (#13) and granted plaintiff's motion to file a
26

second amended complaint (#22).  (#24).  On the same day, the clerk filed plaintiff's second amended complaint.  (#25).

Prior to any scheduling order being entered, on October 11, 2010, remaining defendants filed a motion for summary judgment, asserting, among other defenses, immunity.  (#26).  In May 2011, when the defendants' motion was fully briefed but not yet ruled upon, the plaintiff filed a motion for appointment of counsel (#37) and a motion for discovery (#38).  On September 28, 2011, the court issued an order granting in part and denying in part defendants' motion for summary judgment (#26). (#43).  On October 17, 2011, the court entered an order denying plaintiff's motion for appointment of counsel (#37), granting plaintiff's motion for discovery (#38), and setting discovery deadlines. (#47). The order provided a discovery cut-off date of

January 15, 2012, and a December 16, 2011, deadline for adding new parties and amending pleadings. *Id.*

On October 19, 2011, only two days after the court denied plaintiff's first request for appointment of counsel, plaintiff filed another motion for appointment of counsel. (#49).  The court denied the plaintiff's motion for counsel (#49). (#52).  On December 20, 2011, the plaintiff filed a motion for final disposition. (#53).  On January 4, 2012, the plaintiff filed a motion to amend/correct complaint. (#54).  Defendants filed a motion to extend time on February 14, 2012. (#58).  On February 22, 2012, plaintiff filed his third motion for appointment of counsel. (#59).  On March 1, 2012, the court denied plaintiff's motion for counsel (#59). (#62).  On April 16, 2012, the court denied plaintiff's motion for final disposition (#53) and motion to amend/correct complaint (#54), and granted defendants' motion to extend time (#58). (#63).

Defendants filed a motion for summary judgment on April 17, 2012. (#64).  The court issued an order denying the motion for summary judgment (#64) on August 9, 2012. (#80).  On August 17, 2012, plaintiff filed a motion for leave to amend complaint. (#81).  On September 27, 2012, plaintiff filed a motion for appointment of expert. (#87).  On October 24, 2012, plaintiff filed a motion to

compel. (#91).  On November 8, 2012, the court issued an order denying plaintiff's motion for leave

to amend complaint (#81), stating that the court will not entertain any further motions to amend, as

plaintiff continuously fails to "identify which proposed new defendants could not be identified earlier

when the evidence Plaintiff relies on was in his hands early in the litigation." (#94).  Defendants filed

an opposition to plaintiff's motion to compel (#91) on November 13, 2012. (#96).  On November 15,

2012, plaintiff filed another motion to amend complaint. (#97).  Plaintiff filed his reply in support of

his motion to compel (#91) on November 27, 2012. (#101).  On November 29, 2012, the court issued

a minute order scheduling a hearing on the motion to appoint an expert (#87) for January 29, 2013.

(#102).

Plaintiff filed one document seeking two forms of relief: (1) asking the court for a thirty day

extension past November 27, 2012, to amend or add parties and (2) asserting that the "court may wish

to compel defendants to answer discovery and interrogatories," which the court separated into two

documents. (#90 and #91).  The Honorable Judge Dawson denied plaintiff's request for a thirty day

extension in his November 8, 2012, order. (#94).  The undersigned issued on order with regard to the

relief sought relating to discovery on December 3, 2012. (#103).  The court held that "plaintiff's

motion to compel responses to discovery served on defendants in an **unrelated matter** *after* discovery

in **this** matter has been closed for almost a year, is inappropriate and must be denied." *Id.*  The court

also held that as "[p]laintiff makes arguments in his motion (#91) and reply (#101) relating to plaintiff's

medical files and asserting that defendants have failed to provide him the opportunity to review the files

even after the court ordered the same," "[t]he court will address plaintiff's medical files and his access

thereto during the January 29, 2013, hearing on the motion to appoint expert (#87)." *Id.*

On December 13, 2012, plaintiff filed a motion to reconsider the court's order (#103). (#105).

The court issued a minute order holding that "that the court will address plaintiff Joseph Antonetti's

Motion for Reconsideration of the Court's Order on the Motion to Compel (#105) during the January

29, 2013, hearing. No further briefing on the motion (#105) is required." (#107).  On January 2, 2013,

3

1  defendants filed a response to the motion to reconsider (#105). (#106). Plaintiff filed a reply in support

2  of his motion to reconsider (#105) on January 11, 2013. (#109).

3  **B.      Motion For Expert**

4        **1.      Arguments**

5        Plaintiff argues that he needs an expert to "avoid a wholly one-sided presentation of opinions

6  on the issues at trial," and that he "does not believe that a "lay person" knows or understands the

7  required care, how it was deviated from, or how it could and has affected/effected the plaintiff." (#87).

8  Plaintiff states that he was denied dental care and that he "requires independent dental expert to testify

9  to actual and possible effects of this lack of care." *Id.*

10        Defendants argue that the actionable claims remaining in this litigation relate only to the dental

11  claim and emotional distress claim. (#89). Defendants state that plaintiff's motion should be denied,

12  because the "subject matter upon which the expert would be expected to give testimony is unknown"

13  and the plaintiff has not demonstrated that he would be unfairly prejudiced without an expert. *Id.*

14  Defendants assert that plaintiff is attempting to get preferential treatment by asking the court to appoint

15  an expert, and cite *Boring, et al. v. Kozakiewicz, et al.*, 833 F.2d 468 (3rd Cir. 1987) in holding that:

16              The plaintiffs' dilemma in being unable to proceed in this damage suit because

17              of the inability to pay for expert witnesses does not differ from that of

18              nonprisoner claimants who face similar problems. Nonprisoners often resolve

19              that difficulty through contingent fee retainers with provisions for arranging

20              expert testimony. By seeking government funding in this case, plaintiffs are in

21              effect asking for better treatment than their fellow-citizens who have not been

22              incarcerated but who have at least equal claims for damages.

23        Defendants recite what the plaintiff must demonstrate to succeed on an Eighth Amendment

4

deliberate indifference claim[1] and an intentional infliction of emotional distress claim[2].   (#89).

Defendants do not, however, argue why an expert is not needed to testify regarding these claims. *Id.*

Defendants assert that "[p]laintiff cannot demonstrate that he would be unfairly prejudiced without the

use of an expert," and that "[a]ll that is set forth in [p]laintiff's requesting brief is a generalized need

without explanation." *Id.*

Plaintiff states in his reply that he does not know the risks relating to untreated tooth decay or

how it "effects and affects the human condition," and that he needs an expert for examination and

treatment[3]. (#92). Plaintiff states that unless the defendants are willing to stipulate to all of his alleged

injuries and allegations, an independent expert is warranted.  *Id.*  Plaintiff states that he claims actual

"physical and emotional distress," and that "leaving a person untreated for a serious medical need for

4-6 years seems **to speak for itself."**  *Id.*  Plaintiff states that experts have scientific, technical, or

specialized knowledge, and that he should not be expected to testify as he is not a dental expert.  *Id.*

Plaintiff argues that "usually medical issues and prison conditions support appointing an expert," and

cites two cases: *McKinney v. Anderson,* 924 F.2d 1500 (9th Cir. 1991), and *Jordan v. Gardner*, 986 F.2d

---

[1] To succeed on an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104(1976)). A serious medical need is demonstrated by showing that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and deliberate indifference toward that need is demonstrated by showing a prison official engaged in a "purposeful act or failure to respond to a prisoner's pain or possible medical need, causing harm to the inmate. *Estelle*, 429 U.S. at 104. The prison official must personally be aware of the need and fail to respond in order to behave with deliberate indifference. *Simmons v. Navajo County*, Ariz. 609 F.3d 1011 C.A.9 (Ariz.), 2010.

[2]  In order to prevail on an IIED claim under Nevada law, Plaintiff must show (1) extreme and outrageous conduct on the part of Defendants; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that Plaintiff actually suffered extreme or severe emotional distress; and (4) causation. *Posadas*, 109 Nev. at 456, 851 P.2d at 444 (citing *Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 91-92 (1981)). *Miller v. Jones*, 114 Nev. 1291, 1299-1300, 970 P.2d 571, 577 (1998).

[3] To the extent plaintiff seeks the expert for "treatment," this is not the proper function of an expert and his request should be denied.  "The function of an expert witness is to testify at trial to assist the trier of fact in understanding the evidence." *Lopez v. Scribner*, CVF045595OWWDLBP, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007).

5

1  1521 (9th Cir. 1993). The court notes that *McKinney* was vacated in 1991 and *Jordan* does not stand

2  for this proposition, as the prisoners used an expert in that action but there is no discussion of the expert

3  being appointed by the court. *Id.*

4          **2.**       **Relevant Law/Discussion**

5              **a.**      **Medical Records and Grievance Print-Outs**

6        As an initial matter, the court addressed plaintiff's requests for medical records and grievances

7  during the hearing, as there were arguments in the papers regarding the production of these documents.

8  The parties agreed that the court previously ordered the defendants to file under SEAL the medical

9  records and provide them to plaintiff for review. Plaintiff represented during the hearing that he has

10  repeatedly sought to review the medical records, but has been told that he will only be able to review

11  the records when he is released from "lock-down." Plaintiff represented to the court that he does not

12  believe he will be released from "lock-down." Defense counsel stated during the hearing that she

13  believed that the medical records went to the medical department and <u>not</u> to the Warden. She advised

14  that she would research what happened regarding the records. The parties also made representations

15  to the court during the hearing regarding the production of the grievance print-outs.

16        The court finds that plaintiff's medical records and grievance print-outs are essential to plaintiff

17  presenting his claim for denial of dental care, and that regardless of discovery being closed, plaintiff is

18  entitled to those documents and defendants must produce them. Defendants must provide plaintiff with

19  his <u>complete</u> medical file and all of his grievance print-outs on or before April 1, 2013. If, after

20  reviewing the medical files, grievance print-outs, and this order, plaintiff still seeks relief from the court,

21  he may file an appropriate motion.

22              **b.**      **Appointment of Expert**

23       "The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal

24  Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion of any

25  party enter an order to show cause why expert witnesses should not be appointed ...." *Lopez v.*

26                                             6

1   *Scribner*, CVF045595OWWDLBP, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007) (citing Fed. R. Evid.

2   706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th

3   Cir.1999)).  "The plain language of section 1915 does not provide for the appointment of expert

4   witnesses to aid an indigent litigant." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)

5   (quoting *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995)).  Pursuant to Rule 706, however, the court

6   has discretion to apportion costs in the manner directed by the court, including the apportionment of

7   costs to one side. Fed. R. Evid. 706(b).  In situations such as this, where a plaintiff is proceeding in

8   forma pauperis and is presumably unable to pay for an expert, and the government would bear the cost

9   of appointing the expert, the "court should exercise caution." *Id.*

10   "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand

11   the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill,

12   experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R.

13   Evid. 702.  The decision whether or not to admit expert testimony does not rest upon the existence or

14   strength of the expert's opinion but rather whether the expert testimony will assist the trier of fact in

15   drawing its own conclusion as to a fact in issue. *Lopez*, 2007 WL 1215420 *1 (citing *United States v.*

16   *Rahm*, 993 F.2d 1405, 1412 (9th Cir.1993).

17   Plaintiff alleges an Eighth Amendment violation based on medical treatment (#22) and "the trier

18   of fact will be called upon to determine whether or not plaintiff had serious medical needs and, if so,

19   whether or not defendants were deliberately indifferent to those medical needs." *Lopez*, 2007 WL

20   1215420 *1.  "Medical" needs include a prisoner's "physical, dental, and mental health." *Borja v.*

21   *Gonzalez*, 2011 WL 5546874 *1

22   The court finds that the issue of whether plaintiff's untreated tooth decay over several years

23   constitutes a "serious medical need" is not a complex issue requiring an expert. *See Lopez,* 2007 WL

24   1215420 *1 (citing *Walker* at 1071) (finding that the district court's decision to appoint an independent

25   expert to assist the court in evaluating contradictory evidence about an elusive disease of unknown

26

1   origin was appropriate); *see also Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir.1997) (trier of fact's

2   determination of deliberate indifference not so complicated that an expert was required to establish pro

3   se inmate's case).

4          Plaintiff's medical records (ordered herein to be produced to plaintiff) presented to the trier of

5   fact can adequately demonstrate the seriousness of the decay, the progression of the decay caused by

6   non-treatment, and the present condition of plaintiff's teeth.  Harm caused by tooth decay is not too

7   complex for a juror to recognize.  As the court held in its order on the motion for summary judgment

8   (#43), "[p]rison staff need not have expert medical training to know that once begun, tooth decay is a

9   continual process leading to larger health problems and, often, excruciating pain," and "[w]hile such

10  decay may not normally be an emergency, the continual delay of treatment, especially when spread over

11  years rather than a handful of months, turns "mere delay" into a potentially "substantially" harmful

12  situation."  Plaintiff is able to testify as to the condition of his teeth, the continual decay, his requests

13  for treatment, and his pain and suffering.  The grievance print-outs will also assist plaintiff in

14  demonstrating the delay in treatment over the six years.

15         With regard to the intent of the officers, "the finder of fact will conduct an objective and

16  subjective analysis of [d]efendants' state of mind."   *Borja*  2011 WL 5546874 *2 (citing *Farmer v.*

17  *Brennan*, 511 U.S. 825, 838-839, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Expert testimony is not

18  required to adequately evaluate evidence of Defendants' state of mind at the time of the incident."

19  *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir.1997).  Appointing an expert is not warranted.  *Id.*

20         To succeed on his emotional distress claim, the plaintiff must show (1) extreme and outrageous

21  conduct on the part of defendants; (2) intent to cause emotional distress or reckless disregard for causing

22  emotional distress; (3) that plaintiff actually suffered extreme or severe emotional distress; and (4)

23  causation. *Posadas*, 109 Nev. at 456, 851 P.2d at 444 (citing *Star v. Rabello*, 97 Nev. 124, 125, 625

24  P.2d 90, 91-92 (1981)). *Miller v. Jones*, 114 Nev. 1291, 1299-1300, 970 P.2d 571, 577 (1998). Plaintiff

25  has not sought an expert to testify as to any emotional distress allegedly caused, and has only sought a

26

1  dental expert.  (#87 and #92).  An expert is not required to establish plaintiff's claim of emotional

2  distress, as the medical records, grievance print-outs, and plaintiff's testimony will establish whether

3  neglecting the tooth decay was "extreme and outrageous" and what harm the plaintiff suffered.  As with

4  the deliberate indifference claim, the defendants' testimony will adequately address the 'intent' element

5  of the claim, and an expert is not necessary.  *See Ledford*, 105 F.3d at 359.

6  **C.      Motion For Reconsideration**

7      **1.      Arguments**

8      Plaintiff argues in his motion for reconsideration that the court should reconsider its order

9  (#103), as (1) plaintiff is not confused, (2) plaintiff has not been provided with grievance printouts, (3)

10  he has not been provided with medical files[4], (4) newer requests for discovery have not been answered,

11  and (5) he does not know all of the procedural issues or what he must do, and is not an experienced

12  litigator.  Defendants assert that reconsideration is not appropriate merely because plaintiff disagrees

13  with the court's order.  (#106).  Plaintiff states in his reply that he has diligently pursued discovery in

14  this action and that any confusion in discovery is due to defendants' requests for extensions and changes

15  of attorneys.  (#109).

16      **2.      Relevant Law/Recommendation**

17      Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal

18  representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

19  inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable

20  diligence could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud

21  (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing

22  party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged; it is based

23  on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer

24  ___

25  [4]The court has ordered defendants to produce plaintiff's medical records and grievance prin-outs, which should address plaintiff's concerns in this regard.

26

1    equitable, or (6) any other reason that justifies relief." Federal Rule of Civil Procedure 60(b).

2         The court finds that reconsidering its order (#103) is not appropriate.  Plaintiff has not

3    demonstrated that the court's order was the result of mistake, inadvertence, surprise, or excusable

4    neglect. Fed. R. Civ. P. 60(b).  The court's order correctly stated that discovery was closed, and plaintiff

5    has not argued that this is a false statement (#103).  Plaintiff has not presented the court with any newly

6    discovered evidence.  Fed. R. Civ. P. 60(b).  Plaintiff has also not demonstrated that the order (#103)

7    is void.  *Id.*  The fifth factor does not apply to the court's order (#103).  *Id.*  Plaintiff has not presented

8    the court with any other reason that justifies relief from the court's order (#103).  *Id.*  Reconsideration

9    under Rule 60(b) is not appropriate, and plaintiff's request is denied.  *Id.*

10        Accordingly, and for good cause shown,

11        IT IS ORDERED that plaintiff Joseph Antonetti's Motion for Expert (#87) is DENIED *without*

12   *prejudice.*

13        IT IS FURTHER ORDERED that, on or before April 1, 2013, defendants must provide plaintiff

14   with his complete medical record and all of his grievance print-outs.

15        IT IS FURTHER ORDERED that plaintiff's Motion to  Reconsider (#105) is DENIED.

16        DATED this 30th day of January, 2013.

17        _____

18        **CAM FERENBACH**
          **UNITED STATES MAGISTRATE JUDGE**

19

20

21

22

23

24

25

26
                                        10