**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOSEPH ANTONETTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-cv-01020-KJD-VCF |
| v. ) | |
| ) | **O R D E R** |
| DWIGHT NEVEN, *et al.*, ) | |
| ) | (**Motion for Sanctions Regarding** |
| ) | **Discovery #112**) |
| Defendants. ) | |
| ) | |

Before the court is plaintiff Joseph Antonetti's Motion for Sanctions Regarding Discovery. (#112). Defendants filed an Opposition (#113), and plaintiff filed a Reply (#114).

**A.     Relevant Background**

The court granted plaintiff's motion to proceed *in forma pauperis* on September 4, 2008. (#2). On December 22, 2008, plaintiff filed a motion for leave to file an amended complaint. (#5). The court granted plaintiff's motion (#5) and screened his amended complaint on September 16, 2009. (#7). Plaintiff's amended complaint asserted claims against several defendants for constitutional violations that allegedly occurred at the High Desert State Prison. (#8). Defendants filed a motion to dismiss the amended complaint on November 5, 2009, based on the argument that they are immune from liability. (#13). As discovery was not necessary to address defendants' claim of immunity, the court stayed discovery pending the outcome of the motion (#13). (#22). On September 27, 2010, the court partially granted defendants' motion to dismiss (#13) and ordered the clerk to file plaintiff's amended complaint (#5). (#24). On the same day, the clerk filed plaintiff's second amended complaint. (#25).

Prior to any scheduling order being entered, on October 11, 2010, remaining defendants filed a motion for summary judgment, asserting, among other defenses, immunity. (#26). In May 2011,

when the defendants' motion was fully briefed but not yet ruled upon, the plaintiff filed a motion for appointment of counsel (#37) and a motion for discovery (#38). On September 28, 2011, the court issued an order granting in part and denying in part defendants' motion for summary judgment (#26). (#43). On October 17, 2011, the court entered an order denying plaintiff's motion for appointment of counsel (#37), granting plaintiff's motion for discovery (#38), and setting discovery deadlines. (#47). The order provided a discovery cut-off date of January 15, 2012, and a December 16, 2011, deadline for adding new parties and amending pleadings. *Id.*

On October 19, 2011, only two days after the court denied plaintiff's first request for appointment of counsel, plaintiff filed another motion for appointment of counsel. (#49). The court denied the plaintiff's second motion for counsel (#49). (#52). On December 20, 2011, the plaintiff filed a motion for final disposition. (#53). On January 4, 2012, the plaintiff filed a motion to amend/correct complaint. (#54). Defendants filed a motion to extend time on February 14, 2012. (#58). On February 22, 2012, plaintiff filed his third motion for appointment of counsel. (#59). On March 1, 2012, the court denied plaintiff's motion for counsel (#59). (#62). On April 16, 2012, the court denied plaintiff's motion for final disposition (#53) and motion to amend/correct complaint (#54), and granted defendants' motion to extend time (#58). (#63).

Defendants filed a motion for summary judgment on April 17, 2012. (#64). The court issued an order denying the motion for summary judgment (#64) on August 9, 2012. (#80). On August 17, 2012, plaintiff filed a motion for leave to amend complaint. (#81). On September 27, 2012, plaintiff filed a motion for appointment of expert. (#87). On October 24, 2012, plaintiff filed a motion to compel. (#91). On November 8, 2012, the court issued an order denying plaintiff's motion for leave to amend complaint (#81), stating that the court will not entertain any further motions to amend, as plaintiff continuously fails to "identify which proposed new defendants could not be identified earlier when the evidence [p]laintiff relies on was in his hands early in the litigation." (#94). Defendants filed an opposition to plaintiff's motion to compel (#91) on November 13, 2012. (#96). On November 15,

2012, plaintiff filed another motion to amend complaint. (#97). Plaintiff filed his reply in support of his motion to compel (#91) on November 27, 2012. (#101). On November 29, 2012, the court issued a minute order scheduling a hearing on the motion to appoint an expert (#87) for January 29, 2013. (#102).

Plaintiff's motion to compel sought two forms of relief: (1) an order granting a thirty day extension past November 27, 2012, to amend or add parties and (2) an order compelling defendants to answer discovery and interrogatories, which the court separated into two documents. (#90 and #91). The Honorable Judge Dawson denied plaintiff's request for a thirty day extension in his November 8, 2012, order. (#94). The undersigned issued on order with regard to the relief sought relating to discovery on December 3, 2012. (#103). The court held that "plaintiff's motion to compel responses to discovery served on defendants in an **unrelated matter** *after* discovery in **this** matter has been closed for almost a year, is inappropriate and must be denied." *Id.* The court also held that as "[p]laintiff makes arguments in his motion (#91) and reply (#101) relating to plaintiff's medical files and asserting that defendants have failed to provide him the opportunity to review the files even after the court ordered the same," "[t]he court will address plaintiff's medical files and his access thereto during the January 29, 2013, hearing on the motion to appoint expert (#87)." *Id.*

On December 13, 2012, plaintiff filed a motion to reconsider the court's order (#103). (#105). The court issued a minute order holding that "that the court will address plaintiff Joseph Antonetti's Motion for Reconsideration of the Court's Order on the Motion to Compel (#105) during the January 29, 2013, hearing. No further briefing on the motion (#105) is required." (#107). On January 2, 2013, defendants filed a response to the motion to reconsider (#105). (#106). Plaintiff filed a reply in support of his motion to reconsider (#105) on January 11, 2013. (#109). The court held a hearing on the motion for expert (#87) and motion to reconsider (#105) on January 29, 2013. (#110). On January 30, 2013, the court issued an order denying plaintiff's motions (#87 and #105) *without prejudice*. (#111).

The court stated in the order that during the hearing the "parties agreed that the court previously

ordered the defendants to file under SEAL the medical records and provide them to plaintiff for review," and that the "[p]laintiff represented during the hearing that he has repeatedly sought to review the medical records, but has been told that he will only be able to review the records when he is released from "lock-down."" *Id.* The court further stated that defense counsel "believed that the medical records went to the medical department and not to the Warden," and that "[s]he advised that she would research what happened regarding the records." *Id.* The court also addressed the parties' representations regarding the production of the grievance print-outs. *Id.*

The court found "that plaintiff's medical records and grievance print-outs are essential to plaintiff presenting his claim for denial of dental care, and that regardless of discovery being closed, plaintiff is entitled to those documents and defendants must produce them." *Id.* The court ordered defendants to "provide plaintiff with his complete medical file and all of his grievance print-outs on or before April 1, 2013," and held that "[i]f, after reviewing the medical files, grievance print-outs, and this order, plaintiff still seeks relief from the court, he may file an appropriate motion." *Id* (emphasis in original). Plaintiff filed the instant motion for sanctions on March 7, 2013. (#112). Defendants filed an opposition on March 25, 2013 (#113), and plaintiff filed a reply on March 29, 2013 (#114).

**B.   Motion For Sanctions**

   **1.   Relevant Law**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  The court may issue the following orders: "(I) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is

4

obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(I)-(vii).

**2.    Arguments**

Plaintiff asserts that as of March, 2013, defendants had not provided plaintiff with all of his grievance print-outs and his complete medical record. (#112). Plaintiff states that he conferred with the attorney for the defendants via telephone, but that he "has still not received this information." *Id.* Plaintiff asks this court to issue sanctions against defendants for their failure to comply with this court's order (#111) to provide such information. *Id.* Attached to plaintiff's motion for sanctions (#112) is a motion to compel and sanction defendants (#112-1). This attached motion is captioned with both Case No. 2:08-cv-1020 (hereinafter "the instant action") and "cv-00162-MMD-VCF." (#112-1). The attached motion asks this court to compel defendants Dwight Neven and Bruce Stroud to provide answers to interrogatories and admissions, as well as to compel the production of photos, videos, files, names, log books, policies, and reports. *Id.* The court notes that plaintiff filed the attached motion (#112-1) in the incorrect case. As the court recognized it in its latest order (#111), discovery in the instant action is <u>closed</u>. If plaintiff seeks an order to compel discovery in Case No 2:07-cv-00162-MMD-VCF, he must file the motion in that case.[1] The clerk will strike the attachment from the instant action's docket.

With regard to the motion for sanctions (#112) in the instant action, the defendants assert that the motion is "unwarranted as [d]efendants complied with the [c]ourt's order." (#113). Defendants attached a letter dated March 21, 2013, from Kelly M. Smith, Deputy Attorney General, to Joseph Antonetti, stating that the yard logs relative to December of 2005, the medical records, and the

---

[1] Plaintiff erroneously asserted in his reply that he filed the motion to compel (#112-1) in both cases. (#114). A search of the court's docket reveals that plaintiff did not file the motion to compel (#112-1) in Case No. 2:07-cv-00162-MMD-VCF.

5

grievances, "pertaining to issues relative to cases 162 and 1020," were enclosed with the letter pursuant to the court's order (#111). (#113-1). Plaintiff's reply primarily addresses the arguments relating to the erroneously filed motion to compel (#112-1). (#114). As it relates to the instant action, plaintiff asserts that it is "important to note "identities" of medical personnel are indecipherable." (#114). The court reasonably concludes that plaintiff's issue is with regard to the medical records produced to plaintiff. Plaintiff did not provide the court with a copy of the records to demonstrate that the identities are "indecipherable." *See Id*.

### 3. Discussion

Plaintiff filed his motion for sanctions on March 3, 2013. (#112). The court's order required disclosure of the medical record and grievance print-outs on or before April 1, 2013. (#111). Plaintiff's motion (#112) is premature. As defendants assert that they complied with the court's order (#111) and provided proof of such compliance (#113-1), and plaintiff did not dispute this in his reply (#114), plaintiff's request for sanctions for failure to comply with the court's order (#112) is denied. If plaintiff believes that certain portions of the medical files are "indecipherable," he must meet and confer[2] in a good faith effort to resolve the issue with defendants.[3] If, after doing so, plaintiff still seeks court intervention, plaintiff may file a motion attaching an example of the "indecipherable" nature of the medical file. The court advises plaintiff that the deadline to add new parties expired (#47), and that the identities of the medical personnel may be necessary only if plaintiff intends to call such personnel as witnesses at trial.

Accordingly, and for good cause shown,

---

[2] Local Rule 26-7(b) states that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

[3] *Pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that.). However, plaintiff is still required to comply with the Federal Rules of Civil Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

IT IS ORDERED that plaintiff Joseph Antonetti's Motion for Sanctions Regarding Discovery (#112) is DENIED.

IT IS FURTHER ORDERED that the Clerk STRIKE the attached Motion To Compel (#112-1). Plaintiff may re-file the motion in Case No. 2:07-cv-00162-MMD-VCF.

DATED this 1st day of May, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

7