**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOSEPH ANTONETTI, | |
| Plaintiff, | |
| vs. | 2:08–cv–1020–APG–VCF |
| DWIGHT NEVEN, *et al*., | **ORDER** |
| Defendant. | [Motion to Appoint Counsel (#131)] |

Before the court is Plaintiff Joseph Antonetti's Motion for Appointment of Counsel (#131). Defendants Isidro Bach, William Kuroda, Dwight Neven, and Jeffrey Walker filed an Opposition (#136); and, Plaintiff filed a Reply (#138).

Also before the court is Plaintiff's Motion to Stay Transfer from High Desert Prison Pending Trial (#132). Defendants filed an Opposition (#135); and, Plaintiff failed to file a Reply.

Also before the court is Plaintiff's Motion for Status of Pretrial Order (#134). Defendants filed an Opposition (#137); and, Plaintiff filed a Reply (#139).

**I.  Background**

This matter involves Prisoner-Plaintiff Joseph Antonetti's Civil Rights action under 42 U.S.C. §1983. On August 7, 2008, Plaintiff filed his initial complaint and application to proceed *in forma pauperis* (#1). Magistrate Judge Leavitt approved Plaintiff's application on September 4, 2008, and reserved screening of Plaintiff's initial complaint (#2). On December 22, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint (#5). On September 16, 2009, Magistrate Judge Leavitt granted Plaintiff's motion to amend, screened Plaintiff's proposed amended complaint, and ordered it filed (#7). On September 28, 2011, District Judge Dawson granted in part and denied in part Defendants' Motion

1

for Summary Judgment (#43). Plaintiff's surviving claims include an Eighth Amendment claim alleging inadequate dental care and a state law claim alleging emotional distress. (*See id.*)

On July 1, 2013, Plaintiff escaped from an enclosed recreational area at High Desert State Prison, assaulted a fellow inmate, and suffered a broken kneecap. (*See* Pl.'s Mot. for Appt. Counsel (#131); Defs' Opp'n (#135)). During the altercation, prison staff were injured. (*Id.*) As a result, Plaintiff was charged with, and found guilty of, assault, battery, escape, and property damages greater than $50.00. (*Id.*) On July 18, 2013, Plaintiff was reclassified to maximum custody and transferred to Ely State Prison. (*Id.*)

Now, Plaintiff requests the court to appoint counsel (#131), stay his transfer from High Desert State Prison (#132), and issue a pretrial order (#134). The court will address each of Plaintiff's motions in turn.

## II.     Plaintiff's Motion for Appointment of Counsel

Plaintiff requests the court to appoint counsel because he has suffered a broken kneecap, has been deprived of his legal material, is medicated, and has difficulty reading, writing, and concentrating (#131). In response, Defendants assert that Plaintiff is in possession of his legal material and should not be appointed counsel because Plaintiff has failed to satisfy his burden under the relevant legal standard (#136). The court agrees.

There is no constitutional right to appointed counsel in a federal civil rights action brought under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within

the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

In this case, Plaintiff's two remaining claims allege emotional distress and a violation of the Eighth Amendment for inadequate dental care. (*See* #52). Plaintiff asserts that his claims are meritorious because they "have survived several motions to dismiss." (#138). Surviving a motion to dismiss, however, does not by itself demonstrate a likelihood of success. As Magistrate Judge Cobb recently informed the Plaintiff in one of his other actions, "absent [a] demonstration of case complexity and a showing of a likelihood of success, courts generally do not appoint counsel. It is the ***plaintiff's burden*** to establish the existence of such circumstances." *Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *2–3 (D. Nev. Feb. 13, 2013) (citing *Rand*, 113 F.3d at 1525) (emphasis added).

Even if Plaintiff demonstrated a likelihood of success on either of his claims, which he did not, Plaintiff has shown a superior ability to articulate and prosecute his claims. Despite Plaintiff's current medical condition, he has filed three motions that are sufficiently lucid, well written, and knowledgeable. Moreover, in addition to this action, Plaintiff has maintained many other actions, one of which involved a partially successful appeal to the Ninth Circuit. *See Antonetti v. Neven*, 2:07–cv–00162–MMD–VCF; *Antonetti v. Neven*, 2:08–cv–00120–KJD–VCF; *Antonetti v. Neven*, 2:09–cv–01323–PMP–GWF; *Antonetti v. Skolnick*, 2:09–cv–02031–RLH–PAL; *Antonetti v. Las Vegas*, 2:13–cv–00064–RCJ–NJK; *Antonetti v. Neven*, 3:11–cv–00451–RCJ–WGC; *Antonetti v. Obama*, 3:11–cv–00452–ECR–RAM; *Antonetti v. Obama*, 3:11–cv–00548–LRH–WGC; *Antonetti v. Neven*, 3:11–cv–

00157–ECR–WGC; *Antonetti v. Skolnik*, 3:10–cv–00158–LRH–WGC. These cases demonstrate Plaintiff's ability to navigate the legal system, juggle multiple cases, and prosecute a variety of claims without the assistance of counsel. The court, therefore, finds that exceptional circumstances do not exist.

### III.     Plaintiff's Motion to Stay Transfer from High Desert Prison Pending Trial

Plaintiff next asks the court to stay his transfer from High Desert Prison pending trial (#132). Plaintiff's motion is meritless. On July 1, 2013, Plaintiff escaped from an enclosed recreational yard and assaulted a fellow inmate. (*See* Defs' Opp'n (#135) at Ex. A). As a result of the altercation, Plaintiff was reclassified to maximum custody and transferred from High Desert Prison to Ely State Prison. (*Id*.)

As a preliminary matter, the court notes that Plaintiff has failed to file points and authorities in support of his motion to stay. This alone warrants denying Plaintiff's motion. LR 7-2(d) provides, "[t]he failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." Although Plaintiff is proceeding *pro se* and is held to a less stringent standard than those who are represented by counsel, Plaintiff is still required to familiarize himself with the Local Rules of this court. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir.1986) (holding that *pro se* parties are not excused from following the rules and orders of the court).

Plaintiff's motion, nonetheless, is denied on its merits. Injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the [P]laintiff is entitled to such relief." *Winters v. Natural Res. Def. Council*, 555 U.S. 7 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). A court may grant an injunction upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See Winters*, 555 U.S. at 24 (citations omitted).

In the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir.1982)). Where a Plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

Moreover, it well settled that prisoners have no constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montayne v. Haymes*, 427 U.S. 236, 242, (1976). Plaintiff, therefore, may not use a motion for stay, preliminary injunction, or temporary restraining order to prevent a prison transfer or choose his place of confinement.

**IV.     Plaintiff's Motion for Status of Pretrial Order**

Plaintiff also requests the court to issue a pretrial order (#132). In light of the Notice of Appeal filed by Plaintiff on June 19, 2013 (#127), however, the court finds that Plaintiff's request is premature.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (#131) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Transfer from High Desert Prison Pending Trial (#132) is DENIED.

///

5

IT IS FURTHER ORDERED that Plaintiff's Motion for Status of Pretrial Order (#134) is DENIED.

DATED this 3rd day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE